IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ERIE INSURANCE COMPANY<br>100 Erie Insurance Place<br>Erie PA 16530<br><br>Plaintiff<br>-vs-<br><br>KINSMAN & GRAND AVENUE<br>DEVELOPMENT GROUP LLC<br>c/o Robert C. Ondak Jr.<br>25825 Science Park Drive, Suite 210<br>Cleveland, OH 44122<br><br>Defendant | CASE NO.<br><br>JUDGE<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>**(Jury Demand Endorsed Hereon)** |

Now comes Erie Insurance Company, by and through the undersigned counsel, for its Complaint for Declaratory Judgment against KINSMAN & GRAND AVENUE DEVELOPMENT GROUP LLC ("K&G AVE") states the following:

1. This action arises under the laws of the United States, and jurisdiction is conferred on this Court pursuant to 28 U.S.C. §1332 (diversity jurisdiction).
2. Plaintiff and Defendant are citizens of different states. The amount in controversy exceeds the sum of $75,000 exclusive of interest and costs.
3. Venue in the Northern District of Ohio is proper pursuant to 28 U.S.C. § 1391(b) because it is the district in which a substantial part of the events or omissions giving rise to the claims occurred.
4. Plaintiff, Erie Insurance Company ("Erie"), is an insurance company operating under the law of the State of Pennsylvania with its principal place of business located in Erie, Pennsylvania.

5. Defendant, K&G AVE, is a limited liability company registered in the State of Ohio, doing business in the State of Ohio, and with its principal place of business in the State of Ohio.
6. Erie issued an ErieSecure Business Policy to K&G AVE as the named insured under policy number Q61 0113152 (the "Policy"). A copy of the Policy is attached as **Exhibit 1.**
7. On or about April 24, 2025, Defendant reported a break-in, vandalism, and theft at the property located at 6110 Grande Avenue Cleveland, OH 44104 (the "Property") to the Cleveland Police Department.
8. Following the report to police, a claim was filed with Erie regarding the property damage and items allegedly stolen from the property.
9. K&G AVE claim losses of more than $200,000 related to the break-in, vandalism, and theft that occurred in April 2025.
10. Erie has reason to believe the property was vacant at the time of the break-in due to the building having no power for more than two months prior to the break-in.
11. K&G AVE did not allow Erie or Erie's expert onto the Property to perform an inspection of the Property's electrical box.
12. K&G AVE has not allowed Erie to perform a full investigation into the claim thus leaving Erie unable to tell whether the Property was or was not vacant at the time of the break-in or whether any other policy terms, conditions, exclusions, or limitations apply.

13. Because of the possibility that the Property was vacant, a question exists as to whether K&G AVE is entitled to coverage for any damages arising out of the break-in to the Property pursuant to the Policy.

14. In addition to requesting access to the Property to assess the electrical box, Erie has requested additional information necessary to complete its investigation including, but not limited to, documentation related to a prior loss at the Property; the name of the company that installed the security cameras; electric bills; along with other documents.

15. Erie also requested an examination under oath to obtain additional information necessary for its investigation.

16. K&G AVE declined to provide the requested information or to make the witness available for examination. K&G AVE has not allowed Erie to perform a full investigation into the claim thus leaving Erie unable to complete its coverage review and determine whether the policy terms, conditions, exclusions, or limitations that apply to K&G AVE's claim.

17. The Policy provides in pertinent part the following:

**ERIESECURE BUSINESS PROPERTY COVERAGE PART**

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties, and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the "Declarations". The words "we", "us", and "our" refer to the company providing this insurance.

***

**SECTION VIII – COMMERCIAL PROPERTY CONDITIONS**

***

**18. VACANCY AND UNOCCUPANCY**

Property may be unoccupied without limit of time. If the building at which the "loss" occurs is vacant for more than sixty (60) consecutive days before the "loss", then we will:

a. Not pay for any "loss" caused by:

1. Vandalism or malicious mischief, water damage, glass breakage, or theft; or

***

b. Pay for other covered "losses", but we will reduce the amount of payment by 15%.

* * *

**20. YOUR DUTIES AFTER A LOSS**

* * *

e. Show us or our representative the damaged property, as often as may be reasonably required;

f. Cooperate with us in our investigation of a "loss" and any suits;

g. Separately submit to examinations under oath and sign a transcript of the same;

18. Erie has neither accepted nor denied the claim submitted by K&G AVE. Instead, pursuant to the provisions of 28 U.S.C. § 2201, Erie seeks a judicial declaration of the rights, status and legal obligations between the parties, including whether Erie owes coverage for any damages to the Property.

WHEREFORE, Erie requests that the Court enter judgment that Erie does not owe the Defendant coverage under the Erie policy of insurance and for any further relief that the court deems necessary and just.

Respectfully submitted

/s/ Emily R. Yoder

EMILY R. YODER (0084013)
**HANNA, CAMPBELL & POWELL, LLP**
3737 Embassy Parkway, Suite 100

Akron OH 44333
(330) 670-7612 (T) * (330) 670-7453 (FAX)
eyoder@hcplaw.net

Attorney for Plaintiff
Erie Insurance Company

**JURY DEMAND**

Erie demands a jury trial with respect to any factual issues.

/s/ Emily R. Yoder
EMILY R. YODER (0084013)
Attorney for Plaintiff
Erie Insurance Company

4916-8903-2653, v. 1